IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Case No. CR-20-320-F |
| ) | |
| ANDRIAN ORTIZ, ) | |
| ) | |
| Defendant. ) | |

# ORDER

On December 16, 2020, after conducting a detention hearing on motion of plaintiff, United States of America, pursuant to 18 U.S.C. § 3142(f)(1), United States Magistrate Judge Suzanne Mitchell orally ordered defendant, Andrian Ortiz, detained pending trial. Doc. no. 12. Shortly thereafter, on December 22, 2020, Magistrate Judge Mitchell issued a written order setting forth her findings of fact and statement of reasons for detention as required by 18 U.S.C. § 3142(i). Doc. no. 14.

On December 28, 2020, defendant filed a "Writ of Habeas Corpus and Motion for O.R. Bond and/or Reduction in Bail." Doc. no. 15. Plaintiff, United States of America, responded in opposition to defendant's filing on January 6, 2021. Doc. no. 18. Upon review, the court agrees with plaintiff that defendant's filing is a motion for revocation of Magistrate Judge Mitchell's detention order pursuant to 18 U.S.C. § 3145(b). The filing is so construed.

When the district court acts on a motion for revocation of a magistrate judge's detention order, the court acts *de novo*. United States v. Lutz, 207 F.Supp.2d 1247, 1251 (D. Kan. 2002). Acting *de novo*, however, does not require a *de novo*

evidentiary hearing by the district court. *Id.*; *see also*, United States v. Oaks, 793 Fed. Appx. 744, 747 (10th Cir. 2019) ("A district court conducts a de novo review of a magistrate judge's detention order . . ., but there is no statutory requirement that the court hold a hearing . . . .") (unpublished decision cited as persuasive pursuant to 10th Cir. R. 32.1(A)). The matter is left to the district court's sound discretion. Lutz, 207 F.Supp.2d at 1251. In the case at bar, the court concludes that an evidentiary hearing is not required. The court concludes that in ruling on defendant's motion, it need only review *de novo* the record before Magistrate Judge Mitchell.[1] Having conducted the *de novo* review, the court concludes that defendant's motion should be denied.

Under the Bail Reform Act, the court must order an accused's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *See*, 18 U.S.C. § 3142(b), (c) and (e); Lutz, 207 F.Supp.2d at 1251. In making this determination, the court is to consider "the available information" on the following factors: the nature and circumstances of the offense charged, including whether the offense involves a controlled substance or firearm; the weight of the evidence against the person; the history and characteristics of the person; and the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g).

"At all times, the burden of proof remains with the government to show that there is no condition or combination of conditions that would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community." Lutz, 207 F.Supp.2d at 1251. The government must prove

---

[1] The court, however, has also considered the arguments made by the parties with respect to defendant's motion.

dangerousness to any other person or the community by clear and convincing evidence. *Id*. at 1252. "Evidence is clear and convincing if it gives the factfinder 'an abiding conviction that the truth of . . .[the] factual contentions are "highly probable."'" *Id*. (quoting Colorado v. New Mexico, 467 U.S. 310, 316, (1984) (quoting C. McCormick, Law of Evidence § 320, p. 679 (1954)).

With respect to the nature and circumstances of the offense charged factor, defendant is charged with one count of conspiracy to possess with intent to distribute and to distribute methamphetamine, two counts of possession of methamphetamine with intent to distribute, one count of possession of heroin with intent to distribute and two counts of possession of a firearm in furtherance of a drug-trafficking crime. Because the charges involve controlled substances and firearms, the court concludes this factor weighs in favor of detention.

As it now stands on the record, the weight of the evidence against defendant is substantial. Matthew Wyckoff, Special Agent with the Drug Enforcement Administration ("DEA"), testified at the detention hearing that defendant and his cousin, Jeremy Ramos, were arrested in the Dallas, Texas area in March 2020 after law enforcement seized approximately 9.539 grams of methamphetamine from their vehicle. The DEA lab reported that the seized methamphetamine tested as 8.965 grams of actual methamphetamine. A federal arrest warrant was later issued for Mr. Ramos, who was living in Oklahoma City, and the arrest took place on October 1, 2020. On that date, Mr. Ramos was observed in a vehicle talking with defendant at his residence. Thereafter, both men left defendant's residence separately. Mr. Ramos was thereafter arrested at his residence. Officers also followed defendant to the residence of Mr. Ramos' father, Hector Claudio. When officers approached defendant, they asked if he was armed. Defendant had a loaded pistol in a holster in his waist. There was also a loaded 30-round magazine in his vehicle. Defendant was taken into custody. With consent to search the residence of Hector Claudio,

officers found a methamphetamine conversion lab behind a locked door. Defendant had possession of a key that opened the locked door. Officers found over 10 pounds of liquid methamphetamine and about 5.45 pounds of crystal methamphetamine in the conversion lab. Officers had also seen defendant with a tinfoil container similar to other tinfoil containers they found in the lab. In addition, Special Agent Wyckoff testified that defendant consented to the search of his room at his mother's home where officers found about 2.2. kilograms of crystal methamphetamine, about 320 grams of heroin and a firearm with a loaded magazine. At least a portion of the drugs were in plain view and the firearm was on defendant's nightstand. Although defendant claimed the drugs found in his bedroom were for personal use, Special Agent Wyckoff testified the large amounts of drugs were consistent with drug trafficking or distribution. The testimony of Special Agent Wyckoff, in the court's view, represents a strong case on the merits. The court concludes that the weight of the evidence factor weighs in favor of detention.

As to the history and characteristics of defendant factor, defendant has resided in Oklahoma City for several years and has significant family ties to the city, as his mother, father and brother reside in Oklahoma City. Defendant reported to probation that prior to his arrest, he worked in a family-owned food truck, helped his brother perform electrical work and worked with a family friend remodeling homes. He was paid in cash and earnings varied. However, he reported that due to a condition from birth, he experiences pain in his feet and cannot stand for long periods of time. In addition, defendant has no assets, is living with his mother and his father is paying is cellular phone bill. Defendant also reported that he had been attending The Recovery Center daily and receiving Suboxone to treat an opiate addition. He reported that he had not been using illicit substances since he started to attend the The Recovery Center. Special Agent Wyckoff, however, testified that defendant claimed the methamphetamine and heroin found in his bedroom were for personal

use. He told Special Wyckoff that he used methamphetamine a lot and he used heroin four to five times a day. As stated, defendant was arrested in March of 2020 and again in October of 2020 for offenses involving controlled substances. At the time of the current criminal charges, defendant was not on probation, parole or other release pending trial. In the court's view, the history and characteristics of defendant factor is neutral relating to detention.

With respect to the nature and seriousness of danger to any other person or the community factor, the court concludes that this factor weighs in favor of detention. Despite being arrested in the Dallas, Texas area with almost 10 grams of methamphetamine, defendant continued to engage in drug activities. And these drug activities, as Special Agent Wyckoff's testimony indicates, involved the operation of a methamphetamine conversion laboratory at his uncle's house. Defendant also had large quantities of methamphetamine and heroin and a loaded firearm at the residence where he seeks to return pending trial. In the court's view, release to the custody of defendant's family would not prevent the serious danger presented by defendant to others and the community.

Based upon its *de novo* review, the court finds that the § 3142(g) factors weigh in favor of detention. The court concludes the government has carried its burden of proving by clear and convincing evidence that there is no combination of conditions that would assure the safety of others and the community if defendant were released pending trial.

The court notes that in support of his revocation motion, defendant asserts that probation, prior to interviewing him, issued a report which recommended detention, but after interviewing him, it issued a report which recommended release with supervision. Defendant contends that Magistrate Judge Mitchell followed the first report, which, according to defendant, was facially less informative than the second report. Magistrate Judge Mitchell's written order, however, states that during a

recess, she conferred with pretrial services officers who were present at the detention hearing, and "[t]hey explained the presence of a loaded firearm in defendant's bedroom was information they had not previously heard. Based on this, the officers changed its recommendation to detention." Doc. no. 14, p. 5. Magistrate Judge Mitchell's written order therefore reveals that the final recommendation of probation was detention. Consequently, defendant's primary argument in support of revocation of Magistrate Judge Mitchell's order is without merit.

Based upon the foregoing, defendant, Andrian Ortiz's motion for revocation of United States Magistrate Judge Suzanne Mitchell's detention order pursuant to 18 U.S.C. § 3145(b) (doc. no. 15), filed December 28, 2020, is **DENIED**.

IT IS SO ORDERED this 8th day of January, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0320p003.docx